IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUZANNE TATTAN, ) <br> AND ) <br> JAMES McCONNELL ) <br> ) <br>         Plaintiffs, ) <br>          v. ) <br> ) <br> DR. AMMAR HAYANI, DR LOUIS TORERO, ) <br> DR, JANET MELLER, DR HARO WHITMAN, ) <br> DR. SCOTT MEYERS, AMY CHEATAM RN, ) <br> KATHARINE MARINO RN, ) <br> VICKEY GONTAZ RN, MS. ANNA AKAN, and ) <br> ADVOCATE HOPE CHILDREN'S HOSPITAL, ) <br> ) <br> DR CHARLES RUBIN, Dr. DONALD LIU, ) <br> DR QIN KENAN, ) <br> DR MUHAMMAD A. CHOWDHURY ) <br> and THE UNIVERSITY OF CHICAGO'S ) <br> COMER CHILDREN'S HOSPITAL, ) <br> ) <br>         Defendants. ) | FILED: NOVEMBER 17, 2008 <br> 08CV6585 <br> JUDGE ANDERSEN <br> MAGISTRATE JUDGE MASON <br> CH <br> No. 08 C _____ <br><br><br><br><br> Judge _____ <br><br><br><br><br> Jury Demand |

## COMPLAINT

Now come the Plaintiffs, Suzanne Tattan and her husband James McConnell and complain of the defendants as follows:

### Jurisdiction

1.    This court has jurisdiction based on 28 USC 1351 (diversity jurisdiction) and jurisdictional amount in that the Plaintiffs are residents of Ojo Caliente, New Mexico and the defendants all reside in this federal jurisdiction and the amount in controversy is in excess of $100,000.

### The Parties

The Plaintiffs

1

2.	The Plaintiffs are residents of New Mexico and brought their son, Yusef Tattan, now deceased to Chicago Illinois for medical treatment by the defendants.

	a. The Plaintiff Suzanne Tattan is the birth mother of the deceased, a 17 year old, of whom she had full custody.

	b. The Plaintiff James McConnell was the step father of the deceased and raised him as his own son since the deceased was 6 years of age. Plaintiff McConnell had not formally adopted Yusuf in the courts, but treated him as his own son.

The Defendants

3.	a. Defendant Dr. Ammar Hayani ("Hayani") is a physician at defendant Hope Children's Hospital who was responsible for the care and treatment of the deceased and allegedly, inter alia, initiated and followed an unauthorized treatment plan which deviated from the standard protocols for treating the specific diagnosis of the deceased involving a research test called the "FISH probe", incorrectly administered a chemotherapy agent by the wrong route, delayed the transfer of the deceased to the second defendant hospital, prevented the earlier operation to mend a perforated colon that had become septic, and recommended psychological drugs which had nothing to do with the patients septic condition.

	b. Defendant. Advocate Health and Hospitals Corporation d/b/a Advocate Hope Children's Hospital ("Hope") provided substandard care for the deceased.

	c. Defendant Ms Anna Akan is an employee of defendant "Hope" and defendant Hayani. Defendant Akan allegedly, inter alia, delayed the transfer of the deceased to the second defendant hospital.

	d. Defendant Dr. Luis Torero allegedly, inter alia, failed to address the issue of the septic condition of the patient after Defendant Hyani ordered him not to operate, delayed the

transfer of the deceased to the second hospital, and withheld critical care in the days preceding the transfer.

e. Defendant Dr. Janet Meller allegedly, inter alia, perforated the bowel during a routine biopsy procedure and failed to provide adequate care to meet the health care needs of the deceased.

f. Defendant University of Chicago's Comer Children's Hospital ("Comer") received the transfer of the patient from "Hope" and allegedly failed to meet the minimum standard in the community when addressing the health care needs of the deceased.

g. Defendant Dr. Charles Rubin was responsible for the treatment of the deceased following his transfer from Hope to Comer Children's Hospital and allegedly, inter alia, failed to properly evaluate and monitor the patient's condition following his transfer from the intensive care unit to the general oncology unit and failed to provide adequate care to meet the health care needs of the deceased.

h. Defendant Dr. Qin Kenan was the attending physician on duty on the morning of November 16, 2006 at "Comer" when patient Yusef was transferred back to the pediatric intensive care unit and allegedly, inter alia, failed to provide the minimum standards of care to meet the health care needs of the deceased.

i. Defendant Dr. Muhammad Chowdhury was the physician on duty on the night of November 15, 2006 and the morning of November 16, 2006 at defendant Comer" and had direct responsibility for the patient Yusef when transferred to the pediatric intensive care unit and allegedly, inter alia, failed to provide the minimum standards of emergency care to meet the health care needs of the deceased.

j. Defendant Dr. Donald Liu allegedly, inter alia, performed a surgical procedure on November 15, 2006 at "Comer" and failed to provide adequate care to meet the health care needs of the deceased.

**Statement of Facts**

4. Both the Plaintiffs and their son, Yusef, in August of 2006 where living in Damascus Syria where the Plaintiffs were employed as tutors for the children of various VIP's in the community where the Plaintiff's lived. On or about September 10, 2006, while vacationing in Cyprus Yusef became ill and was taken to the doctors for examination and diagnosis in Cyprus. It was determined that he was suffering from a cancerous tumor involving his bowel. It was determined by the Plaintiffs that adequate medical attention could not be found for their son in Syria or Cyprus so they flew directly to the United States and had him admitted at Defendant Hope.

5. At defendant Hope, the surgeon, defendant Janet Meller and oncologist, Defendant Hayani, refused to open the abdomen and examine Yusef's tumor but instead opted to do a laparoscopic biopsy procedure. It is alleged that during that procedure defendant Dr. Janet Meller perforated the patient's colon and that perforation was never addressed at Hope. In fact when defendant Dr. Torero wanted to address the septic condition by operating and possibly addressing the perforated colon, defendant Dr. Hayani said no to the operation and Dr. Torero did not protest. Instead defendant Hayani ordered psychological drugs to be administered which would have no effect on the septic condition of the patient.

6. Defendant Dr. Hayani had already initiated an unauthorized treatment plan which violated standard protocols of care to address the health care needs of the patient, including a test

known as a "BM FISH probe" which indicates research and experimental treatment not authorized at Defendant Hope.

7. Defendant Dr. Hayani was anxious that the Plaintiffs might discover that the care for Yusef had not met the minimum medical standards of the community as well as the fact that he had engaged in an unauthorized cancer procedure which was not authorized by defendant Hope hospital. In order to delay the transfer of the patient defendant Hayani employed Anna Akan to assist him in delaying the transfer of Yusef from the defendant Hope to the defendant Comer hospital. Defendant Akan, based on the instructions and approval of Dr. Hayani engaged in a series of dilatory tactics that thwarted the efforts of the Plaintiffs to transfer their son from defendant Hope to defendant Comer hospital. A process that should have taken two days at the most took eight (8) days which, it is alleged, was a crucial and critical factor in the death of the patient.

8. When the patient was finally transferred from defendant Hope to defendant Comer hospital on October 16, 2006 the minimum standard of care in the medical community was not met by the hospital. The minimum standard of care in the medical community, it is alleged, was further not met by defendants Dr. Charles Rubin during the last ten days of the patient's life, and defendants Dr. Donald Liu, Dr. Qin Kenan and Dr. Muhammad Chowdery on the night proceeding and the morning of the patient's death on November 16, 2006 at defendant Comer Children's Hospital.

**Count I – Negligence –Dr. Janet Meller**

Plaintiffs re-assert the allegations stated in paragraphs 1 through 8 above as the same numbered paragraphs stated in this Count I.

9.   Defendant Meller examined the patient, Yusef, on or about September 26, 2006 and inadvertently perforated the bowel when examining the cancerous tumor that was attached to his bowel. The perforation of the bowel during the examination did not meet the minimum standards of the medical community in such an operation or procedure. The Defendant owed a duty of reasonable care to the patient which duty of care the defendant did not successfully exercise. The failure of the defendant Dr. Janet Meller to exercise the proper duty of care to the patient, Yusef, was the proximate cause of the perforation of his bowel. The perforation of his bowel led to a septic condition which lead to a fairly rapid deterioration of the health of the patient.

10.   But for the negligence of defendant Dr. Meller, the perforation of the colon of patient Yusef would never have occurred. The perforation of the colon of patient Yusef resulted in damages to the Plaintiff.

Now therefore the Plaintiffs pray that this court will assess damages in excess of $100,000 for the negligence of defendant Dr. Janet Meller for perforation of the colon of patient Yusef.

### Count II – Negligence - Defendant Dr. Hayani

Plaintiffs re-assert the allegations stated in paragraphs 1 through 10 above as the same numbered paragraphs stated in this Count II.

12.   The defendant Hayani examined patient Yusef on several different occasions from September 23, 2006 to October 13, 2006 before he was transferred to defendant Comer hospital. On the various occasions when these examinations were made defendant Hayani knew or should have known that the treatment of patient Yusef should include accepted protocols for treating one with a cancerous condition such as patient Yusef.

13. Instead of following accepted protocols defendant Hayani engaged in unauthorized procedures involving the "FISH probe" test indicating experimental treatment of a cancerous condition for which standard protocols provide a 98% chance of recovery, and engaged in the inappropriate administration of chemotherapy agents. Defendant Hayani either knew or should have known that the procedures were inappropriate and unauthorized by defendant Hope hospital. Defendant Hayani proceeded anyway to the detriment of the patient, Yusef, and the Plaintiffs.

14. On or about October 9, 2006, when defendant Torero was preparing the patient for surgery to possibly address the septic condition of patient Yusef, defendant Dr. Hayani prevented the operation to the detriment of patient, Yusef and the Plaintiffs. Instead defendant Hayani recommended a useless drug treatment to address psychological problems of the patient instead of dealing with the true problems related to the septic condition of patient Yusef.

15. Defendant Hayani owed a duty of care to patient Yusef and the Plaintiffs to meet the standard of care in the medical community for the treatment of the patient. The defendant Hayani did not meet that standard of care and in fact engaged in actions that were unauthorized by the defendant Hope hospital during the care of patient Yusef. The failure to maintain the duty of care as required in the medical community was the proximate cause of the damages suffered by the patient Yusef and the Plaintiffs.

Now therefore the Plaintiffs pray that this court will assess damages in excess of $100,000 for the negligence of defendant Hayani for his misconduct as alleged under Count II.

### Count III – Negligence – Defendant Hope Hospital

Plaintiffs re-assert the allegations stated in paragraphs 1 through 15 above as the same numbered paragraphs stated in this Count III.

16. The defendant Hope owed a duty of care to the patient Yusef and the Plaintiffs to ensure that the patient received the standard of care as required by the medical community. The defendant Hope hospital failed to fulfill its duty to meet the standard of care required by the medical community. The failure of defendant Hope hospital to fulfill its duty to meet the standard of care as required by the medical community was the proximate cause of the damages suffered by the patient, Yusef and the Plaintiffs.

17. The defendant Hope hospital failed to meet its duty to exercise the proper standard of care as required by the medical community when the defendant Hope failed to exercise proper supervision over the activities of defendant Hayani when he engaged in unauthorized research involving the "FISH probe" which indicates a deviation from the standard protocols in the treatment of patient Yusef, defendant Hope also failed to properly supervise and regulate the distribution and administration of dangerous chemotherapy agents by failing to follow standards in the medical community set as safety precautions for administration of said medications.

18. The defendant Hope hospital failed to meet its duty to exercise the proper standard of care as required by the medical community when the defendant Hope failed to exercise proper supervision over the activities of defendant Hayani when he prevented the operation on or about October 9, 2006 that was about to be initiated by Dr. Torero to address the septic condition of patient Yusef.

Now therefore the Plaintiffs pray that this court will assess damages in excess of $100,000 for the negligence of defendant Hope hospital for its failure to supervise and then prevent the misconduct of defendant Hayani as alleged under Count III.

### Count IV – Negligence Dr. Donald Liu

Plaintiffs re-assert the allegations stated in paragraphs 1 through 18 above as the same numbered paragraphs stated in this Count IV.

19. The defendant Dr. Liu was the operating physician who operated on patient Yusef on the evening of November 15, 2006. The defendant Dr Liu owed a duty of care to the patient Yusef and the Plaintiffs in meeting the standard of care required by the medical community. The defendant Dr. Liu failed to fulfill that duty to meet that standard of care. Such failure by the defendant Dr. Liu was the proximate cause of the damages suffered by the patient Yusef and the Plaintiffs.

20. The defendant Dr. Liu failed to meet his duty to exercise the proper standard of care by his failure to properly assess the patient Yusef before surgery, and delaying an emergency procedure by several hours.

Now therefore the Plaintiffs pray that this court will assess damages in excess of $100,000 for the negligence of defendant Dr. Liu for his negligence as alleged in this Count IV.

### Count V – Negligence – Defendant Comer Children's Hospital

Plaintiffs re-assert the allegations stated in paragraphs 1 through 20 above as the same numbered paragraphs stated in this Count V.

21. The defendant Comer Children's Hospital received the transfer of patient Yusef from Hope hospital as referenced above. The defendant Comer Hospital owed duty of care to patient Yusef and the Plaintiffs to meet the minimum standard in the medical community to deliver medical services to the patient Yusef. The defendant Comer Children's Hospital failed to exercise the proper duty of care to meet the standard of care required by the medical community.

22. The defendant Comer Children's Hospital failed to exercise its duty of care in that it failed to supply the staff of the Pediatric Intensive Care Unit with the standard emergency

medications needed for resuscitation and the emergency "crash cart" was not in working condition nor properly stocked when the patient Yusef crashed and was in need of heart resuscitation. Defendant Comer Children's Hospital also failed to exercise it's duty of care when it failed to provide adequately trained staff for the night shift of November 15, 2006.

23. The failure of defendant Comer Children's Hospital to exercise its duty was the proximate cause of the damages suffered by patient Yusef and the Plaintiffs.

Now therefore the Plaintiffs pray that this court will assess damages in excess of $100,000 for the negligence of defendant Comer Children's Hospital for its negligence as alleged in this Count V.

### Count VI – Negligence – Defendant Anna Akan

Plaintiffs re-assert the allegations stated in paragraphs 1 through 23 above as the same numbered paragraphs stated in this Count VI.

24. The defendant Anna Akan owed a duty of care to patient Yusef and the Plaintiffs to deliver services as a Licensed Social Worker such that the standards in the medical community were met for delivering services to patient Yusef. The defendant Anna Akan failed to exercise the proper duty of care and therefore failed to meet the standard of care required in the medical community for delivery of services to patient Yusef. The failure of defendant Anna Akan to fulfill her duty of care was the proximate cause of the damages suffered by patient Yusef and the Plaintiffs.

25. The defendant Anna Akan failed to meet her standard of care based on the following allegations: That defendant Akan worked to interfere with the transfer requested by the parents by calling the social worker at defendant Comer and making false reports and by

giving false messages to the parents claiming that defendant Comer had refused to accept the patient Yusef when indeed that was not the case.

Now therefore the Plaintiffs pray that this court will assess damages in excess of $100,000 for the negligence of defendant Anna Akan for her misconduct as alleged in this Count VI.

### Count VII – Negligence – Defendant Keyser Family Pediatric Cancer Center

Plaintiffs re-assert the allegations stated in paragraphs 1 through 25 above as the same numbered paragraphs stated in this Count VII.

26. The defendant Keyser owed a duty of care to patient Yusef and the Plaintiffs to meet the standards in the medical community for addressing the health care needs of the patient Yusef. The defendant Keyser failed to exercise and fulfill the proper duty of care that was required of it. The failure to exercise the duty of care by Keyser was the proximate cause of the damages suffered by the patient Yusef and the Plaintiffs.

27. The defendant Keyser failed to meet its duty of care in that it failed to supervise and regulate the activities of defendant Hayani and Akan and did not ensure that standard protocols were followed in the treatment of patient Yusef's cancer.

Now therefore the Plaintiffs pray that this court will assess damages in excess of $100,000 for the negligence of defendant Keyser for its negligence as alleged in this Count VII.

### Count VIII – Wrongful Death – All Defendants

Plaintiffs re-assert the allegations stated in paragraphs 1 through 27 above as the same numbered paragraphs stated in this Count VIII.

28. All the defendants named in the complaint owed a duty of care to patient Yusef and the Plaintiffs to deliver medical services and treatment at a level necessary to meet the

required standard set by the medical community. All the defendants failed in their duty of care owed to the patient Yusef and the Plaintiffs.

29. The failure of the defendants individually and collectively contributed to the wrongful death of the patient Yusef resulting in damages to the patient Yusef and to the Plaintiffs.

30. The negligent actions, inactions, and/or omissions the defendants individually and collectively were the proximate cause of the wrongful death of the patient Yusef. But for the negligent actions, inactions, and/or omissions of the defendants individually and collectively, the wrongful death of the patient Yusef would not have occurred.

Now therefore the Plaintiffs pray that this court will assess damages in excess of $100,000 for the wrongful death of patient Yusef caused by the negligence of the defendants individually and collectively as alleged in this Count VIII.

The Plaintiffs simultaneously with this complaint have submitted a motion for an extension of time to submit the physician's certification required by Illinois state law for a complaint such as this one.

### CERTIFICATION

We the undersigned, Plaintiffs identified in the above entitled cause hereby certify that we have read the foregoing document and certify, under penalty of perjury, to the best of our knowledge and belief that the allegations made herein are true and correct.

Suzzane Tattan  /s/ , Plaintiff

James B. McConnell /s/, Plaintiff

The deceased mentioned in this case, Yusef Tattan, expired on November 16, 2006 and this case is being filed within two years after that date. The deadline of November 15, 2008 fell on a weekend. Whenever a deadline falls on a holiday or weekend the deadline is considered the next business day, which in this case is November 17, 2008, the filing date of this case. The attached affidavit is filed in lieu of the physicians certification, required by Illinois law, which


will be filed shortly along with the amended complaint which will be the only complaint served on the defendants.

                          Respectfully submitted,

                          <u>Attorney H. Nasif Mahmoud/s/</u>
                          Attorney H. Nasif Mahmoud
                          One of the Attorneys for the Plaintiffs
                          McKinney, Wills & Mahmoud
                          8717 Forest Avenue
                          Gary, IN 46403
                          Phone: 219-880-1436 Messages